UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

    – *against* –

MARK DAVID,

                Defendant.

**OPINION & ORDER**

12 Cr. 214 (ER)

RAMOS, D.J.:

    Mark David is currently serving a 190-month sentence for conspiring to distribute narcotics and discharging a firearm in furtherance of that conspiracy. On April 14, 2021, the Court denied David's second motion for compassionate release. *United States v. David*, No. 12 Cr. 214 (ER), 2021 WL 1414982, at *4 (S.D.N.Y. Apr. 14, 2021) (Doc. 566). David now moves for reconsideration. Doc. 570. David also seeks a sentence reduction on other grounds pursuant to 18 U.S.C. § 3582(c). Doc. 621. For the reasons set forth below, the motions are DENIED.

**I.    BACKGROUND**

    The Court assumes familiarity with the underlying facts of this case. *See generally United States v. David*, No. 12 Cr. 214 (ER), 2020 WL 4530302 (S.D.N.Y. Aug. 6, 2020) (Doc. 519). The Court repeats the relevant details here for convenience.

    The Strip Boyz were a large drug trafficking organization that distributed narcotics around Yonkers, New York between 2000 and 2012. *David*, 2020 WL 4530302, at *1. David served as a *de facto* leader of the Strip Boyz *Id.* Before his arrest in this case, David had two state convictions for firearms possession, along with one for marijuana distribution. *Id.*

    In June 2012, a grand jury in this district indicted David, along with nineteen other members of the Strip Boyz, in connection with their drug trafficking conspiracy. *Id.*

On January 29, 2014, David pleaded guilty to two counts pursuant to a plea agreement—conspiring to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 846, and possessing and discharging a firearm during and in furtherance the conspiracy charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  Doc. 250.

David was sentenced on December 23, 2014.  *David*, 2020 WL 4530302, at *1.  During sentencing, the Court noted that David was involved in "incredibly dangerous and reckless activities," and that he was "very lucky not to be…facing a murder charge" after firing a gun several times while participating in a violent gang war.  *Id.*; *see* Doc. 381 at 27.  The Court also emphasized David's criminal history, his influence over his co-defendants, and, in particular, his decision to engage in criminal conduct despite a far greater degree of support from his family, who provided a more stable home life than his co-defendants enjoyed.  *Id.*  The Court ultimately sentenced David to 190 months' imprisonment—10 months above the 180-month mandatory minimum, but below the applicable Guidelines range of 198–217 months.  *Id.*  The sentence consists of 70-months imprisonment on Count One, followed consecutively by a mandatory minimum 120-month imprisonment on Count Two.  *Id.* at *2.

In March 2018, David petitioned the Court pursuant to 28 U.S.C. § 2255 to vacate the sentence on the § 924(c) count.  Doc. 478.  David argued that the underlying statute, 18 U.S.C. § 924(c), did not actually establish an offense in its own right, and instead merely served as a sentencing enhancement.  *Id.*  The Court denied the petition as time-barred, and moreover found that it was without merit.  Doc. 501.

In May 2020, David filed his first motion for compassionate release in light of his health and the COVID-19 pandemic.  Doc. 502.  The Court denied his request, finding that the 18 U.S.C. § 3553(a) sentencing factors counseled against early release.  *David*, 2020 WL 4530302, at *4.

In February 2021, David moved for compassionate release for the second time.  Doc. 537.  David once again cited his health, arguing that his ████████████ increased

his risk of serious illness or death from COVID-19. *Id.* He also asked the Court to consider the prior state convictions he had received for similar conduct. *Id.* at 14–16. The parties filed several letters concerning David's condition. *David*, 2021 WL 1414982, at *1. On April 14, 2021, the Court rejected the request because David had not shown that his correctional facility was unable to provide the care he needed. *Id.* at *3. Regarding the prior state sentences, the Court declined to retroactively credit the time he had served and grant a downward departure. *Id.* at *4. The Court reasoned that it was aware of the state convictions when it imposed the original sentence, and considered them as well as all other relevant factors. *Id.* Finally, the Court underscored the need to avoid unwarranted sentencing disparities, noting the denial of compassionate release requests made by several of David's co-defendants facing similar circumstances. *Id.*

On May 11, 2021, David moved for reconsideration of the compassionate release denial. Doc. 570. In the motion for reconsideration, David argues that the Court understated the gravity of his ailments when it denied his motion for compassionate release. *Id.* at 2. The Government responded on May 24, 2021, opposing the motion as meritless in light of the demanding standard for reconsideration. Doc. 572.

Subsequently, in a November 28, 2023 letter, David seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c) on the following grounds: (1) the sentencing disparity between crack and powder cocaine, (2) updated sentencing guidelines; and (3) his time incarcerated on state convictions. Doc. 621 at 1–5. The Government responded on January 30, 2024, reiterating its opposition to the earlier motion for reconsideration, and asserting that the subsequent motion for a sentence reduction is similarly meritless. Doc. 633.

## II. LEGAL STANDARD

### A. Reconsideration

"While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, such motions have traditionally been allowed within the

Second Circuit." *United States v. Whaley*, No. 09 Cr. 619 (JMA), 2024 WL 2846952, at *1 (E.D.N.Y. June 5, 2024) (internal quotation marks and citation omitted). Local Criminal Rule 49.1(d) provides that a motion for reconsideration "shall be filed and served within 14 days" of the order on the original motion and explain "the matters or controlling decisions which counsel believes the Court has overlooked." *United States v. Pope*, No. 94 Cr. 631 (SHS), 2023 WL 2971500, at *1 (S.D.N.Y. Apr. 17, 2023) (citing Local Crim. R. 49.1(d)).

"The standards for reconsideration among the civil and criminal rules are largely the same." *Whaley*, 2024 WL 2846952, at *1 (citation omitted). A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (citation omitted). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Zurich Am. Ins. Co. v. XL Ins. Am., Inc.*, 556 F. Supp. 3d 301, 305 (S.D.N.Y. 2021) (citation omitted).

"The Second Circuit has made clear that a motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories…or otherwise taking a second bite at the apple.'" *United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Such a motion "is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved." *Doe v. Winchester Bd. of Educ.*, No. 10 Civ. 1179 (VAB), 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) (citation omitted).

Whether or not "to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Lisi*, 2020 WL 1331955, at *1 (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011)).

4

### B. Sentence Reduction

"Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, a district court may reduce a term of imprisonment upon motion by a defendant." *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024) (quoting *United States v. Halvon*, 26 F.4th 566, 568 (2d Cir. 2022)). The compassionate release analysis is a multi-step process: "the district judge first determines whether extraordinary and compelling reasons exist to modify the sentence, and if such reasons exist, the court then considers the Section 3553(a) factors in evaluating what reduction, if any, is appropriate." *United States v. Griffin*, No. 22 Cr. 408 (EK), 2024 WL 2891686, at *1 (E.D.N.Y. June 10, 2024). "District courts may 'consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" *Fernandez*, 104 F.4th at 426 (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

A sentence reduction under 18 U.S.C. § 3582(c) must also be "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Stokes*, No. 19 Cr. 307 (SRU), 2024 WL 216643, at *1 (D. Conn. Jan. 19, 2024). "The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines [] § 1B1.13 and Commentary," as amended and effective November 1, 2023. *Id.* at *2. This update was "meant to accord with the First Step Act's purpose of increasing the use of sentence reduction motions under section 3582(c)(1)(A)." *United States v. Donato*, No. 03 Cr. 929 (NGG), 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16, 2024) (internal quotation marks and citation omitted).

The policy statement provides examples of what may establish an extraordinary and compelling reason: "(1) a defendant's medical circumstances; (2) a defendant's age; (3) a defendant's family circumstances; and (4) abuse suffered by the defendant while in custody." *Id.* (internal citations omitted). The policy statement "also includes a catch-all provision authorizing the court to consider 'Other Reasons' that demonstrate extraordinary and compelling reasons warranting a reduction in sentence," where those

5

other reasons are "similar in gravity" to the examples provided. *Id.* Thus, the policy statement "affords the court significant discretion to determine when a reduction in sentence is warranted." *Id.*

> A court may make such a sentence modification only:
>
> > upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . .

*United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (emphasis omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)).

### III. DISCUSSION

#### A. Reconsideration

As a threshold matter, David's motion for reconsideration is untimely. Under Local Criminal Rule 49.1(d), a motion for reconsideration "shall be filed and served within 14 days" of the Court's decision. Local Crim. R. 49.1(d). The Court issued its Opinion and Order denying David's second request for compassionate release on April 14, 2021, Doc. 566, and David filed his motion for reconsideration on May 11, 2021, Doc. 570. "This untimeliness alone is a sufficient basis for denial." *Pope*, 2023 WL 2971500, at *1 (citation omitted). However, courts retain the discretion to excuse an untimely filing, and the Court will do so here. *Lisi*, 2020 WL 1331955, at *1.

"The major bases for reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pope*, 2023 WL 2971500, at *2 (internal quotation marks and citation omitted). David has not met that standard.

In the motion for reconsideration, David argues that the Court "improperly minimize[d] the deleterious effects" of his medical conditions. Doc. 570 at 2. However, David does not provide new evidence which overcomes the Court's original finding that

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

However, the Court fully considered their significance in reaching its original conclusion. *See* Doc. 566 at 8 ("To be clear, the Court has no doubt that David experiences ██████ ████████████████████████████████.").

Concerning his degree of care, ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ In sum, while the Court continues to recognize the ailments faced by David, the original motion was decided with due consideration for his health, and the motion for reconsideration fails to upset the Court's prior conclusion. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'")

### B. Sentence Reduction

David seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c) on the following grounds: (1) the sentencing disparity between crack and powder cocaine (2) updated sentencing guidelines; and (3) his time incarcerated on state convictions. Doc 621 at 1–5.

As an initial matter, a reduction in David's sentence would be inconsistent with the factors enumerated in § 3553(a). Those factors include:

> the nature and circumstances of the offense; the history and characteristics of the defendant, including age, being a non-violent offender, and remorse; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the affordance of adequate deterrence; and the protection of the public from further crimes of the defendant.

Here, the offense was undoubtedly serious. David engaged in repeated acts of violence, including multiple shootings, and assumed a leadership position in a violent gang. *David*, 2020 WL 4530302, at *4. Additionally, "David's prior criminal convictions failed to deter him from continued unlawful conduct, as he was quick to re-offend following his sentences." *Id.* While the Court is heartened by David's steps towards rehabilitation, it must consider "the protection of the public from further crimes of the defendant." 18 U.S.C. § 3553(a). In sum, David engaged in serious, dangerous, and repeated crimes. Thus, his 190-month sentence, with approximately 21 months remaining, is commensurate with his repeated evasion of the law, and the § 3553(a) factors counsel against early release at this time.[1]

The § 3553(a) factors alone provide a sufficient basis to deny a motion for a sentence reduction. *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) ("Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."). Nonetheless, even if early release were consistent with the § 3553(a) factors, the reasons averred by David are unavailing. The Court considers each in turn.

1. *Crack Cocaine Sentencing Disparity*

David argues that his sentence should be reduced because "the crack to powder cocaine ratio was changed to 1:1." Doc. 621 at 1. However, the Guidelines continue to distinguish between crack and powder cocaine, with distribution of each resulting in distinct Guidelines ranges. *See* U.S.S.G. § 2d1.1. David provides no authority attesting to the 1:1 change, and it is unclear what his assertion relies on. Accordingly, there is no

---

[1] According to the Bureau of Prisons, David has an anticipated release date of May 21, 2026. *See Find an Inmate*, Bureau of Prison ("BOP"), https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Sept. 4, 2024).

8

change in law concerning crack and powder cocaine sentencing upon which the Court might consider a sentence reduction.

### 2. Updated Sentencing Guidelines

David seeks a sentence reduction in light of Amendment 821 to the United States Sentencing Guidelines. Doc. 621 at 2–3. The Government argues that David is ineligible for an adjustment because the sentence originally imposed by the Court falls within the updated Guidelines range. Doc. 633 at 3–4.

"Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively." *United States v. Budovsky*, No. 13 Cr. 368 (DLC), 2024 WL 1676337, at *2 (S.D.N.Y. Apr. 18, 2024) (citation omitted). Amendment 821 adjusted the calculation of criminal history points, commonly referred to as status points, under § 4A1.1 of the Guidelines. *United States v. Ross*, No. 15 Cr. 95 (JPC), 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

During his original sentencing, the Court found that David's past conduct placed him in Criminal History Category III. Doc. 381 at 8. Given his offense level of 26, the applicable Guidelines range for both counts was 198–217 months, with a 180-month mandatory minimum, and the Court sentenced David to 190 months' imprisonment. *Id.*; *id.* at 24.

David and the Government agree that, if Amendment 821 were in effect during his original sentencing, David would be in Criminal History Category II. *See* Doc. 621 at 3; Doc. 633 at 4. According to a supplemental presentence report provided by the Probation Office, the amended Guidelines range would be 190–207 months.[2] Doc. 630 at 3.

---

[2] David provides his own calculation purportedly prepared under the amended Guidelines, and concludes that the updated range would be 157–166 months. *See* Doc. 621 at 3. However, David acknowledges that he prepared the calculation by assuming a 1:1 sentencing ratio between crack and powder cocaine. *Id.* As discussed above, the current Guidelines to do not reflect a 1:1 ratio between crack and powder cocaine sentencing.

9

Although a court may reduce a sentence pursuant to § 3582(c) in light of subsequently lowered Guidelines, it may not reduce a sentence "to a term that is less than the minimum term of imprisonment specified by" those amended Guidelines (except where defendants provide substantial assistance to the Government). *United States v. Budovsky*, No. 13 Cr. 368 (DLC), 2024 WL 1676337, at *1 (S.D.N.Y. Apr. 18, 2024). Given that the original sentence of 190 months' imprisonment falls within the updated range, David is ineligible for a sentence reduction under Amendment 821.

3. *Time in State Custody*

David also seeks a sentence reduction in light of the time he served on state convictions. Doc. 621 at 5. David claims that his prior state offenses were related to the drug conspiracy in the instant matter, and thus he should be credited for the time served. *Id.*

As the Court has previously concluded, it "was aware of David's prior convictions" during his original sentence, and nonetheless found the 190-month sentence appropriate. *David*, 2021 WL 1414982, at *4. David tries to avoid that conclusion by citing *United States v. Lucas*, No. 11 Cr. 629 (CS), 2022 U.S. Dist. LEXIS 182629 (S.D.N.Y. Oct. 5, 2022), for the proposition that failing to credit his state convictions here would create unwarranted sentencing disparities. Doc. 621 at 5. In *Lucas*, the court reduced the sentence of a defendant who had served time on a state conviction for conduct relevant to his federal conviction. *Lucas*, 2022 U.S. Dist. LEXIS 182629, at *8. However, the disparity of granting a reduction here would bear more directly on David's co-defendants, whose requests for sentence reductions have been denied. *See David*, 2021 WL 1414982, at *4. Thus, the need to avoid unwarranted sentencing disparities "continues to weigh against release" here. *Id.*

### IV. CONCLUSION

For the reasons discussed, David's motion for reconsideration and his renewed motion for a sentence reduction are DENIED. The Clerk of Court is respectfully directed to terminate the motions, Docs. 570, 588, 594, 597, 614, 620, 621.

It is SO ORDERED.

Dated: September 5, 2024
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.